WILLIAM F. BAILEY, d. b. a., *vs.* SARAH S. ENGLAND, p. b. r.

*Motion to Set Aside Award of Arbitrators—Refused.*

The award of referees should stand, unless it is so wilfully or grossly wrong as to shock the Court, or if it were the verdict of a jury would warrant the granting of a new trial.

(*October 2, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.
*Howell S. England* for plaintiff below.
*Horace Greeley Knowles* for defendant below.

Superior Court, New Castle County, September Term, 1897. APPEAL from a decision of a Justice of the Peace to the Superior Court, in which the matters in controversy were referred, under a rule of Court, by agreement of parties, to a referee to settle and determine same. The report of the referee was in favor of the plaintiff below.

*Mr. Knowles* filed the following exceptions to the award, viz:
" 1. That the award was contrary to the law and facts involved in the case."

" 2. That the award was made under a misapprehension of the facts ;" and stated that the referee who was out of the State, but could be produced at the next term of court, had admitted to him that when he gave his decision he did not understand certain material facts connected with the case. Mr. Knowles admitted, however, that the merits of the case, the law and the facts, were distinctly before the referee.

*Mr. England:*—The weight of authority in the United States leans towards making absolute the certain and simple rule that the award of the arbitrators, when made in good faith, is final, and that it cannot be questioned or set aside for a mistake, either of law or of fact.

*Rev. Stat. (Del.) Chap. 126, §§5–6; Kleine vs. Catara, 2 Gall. (U. S.), 61; Burchell vs. Marsh, 17 How. (U. S.), 334; Stewart vs. Grier, 7 Houst., 370, (380–381); Crumlish vs. R. R. Co., 5 Del. Ch., 270, (275–280); Beeson Admr. vs. Elliott Exr., 1 Del. Ch., 368, (note 381–387); Stille vs. Layton, 2 Harr., 149, (150); Allen vs. Smith's Admr., 4 Harr., 234, (236); Fooks, d. b. a., vs. Lawson, p. b. r., 1 Hardesty, 115, (1 Marvel, 115.)*

LORE, C. J :—Our courts have drawn the line distinctly. There must be something like a wilful disregard of the law or the evidence, or both, to warrant the court in setting aside an award of referees. This is the correct rule. So defined, you have a clean-cut principle easily understood. Any other rule would tend to prolong litigation. It would be like a game of battledore and shuttle-cock—referring cases to arbitrators, and if the award is unsatisfactory, ask to set it aside and try the case over again. The award of referees should stand unless it is so wilful or grossly wrong as to shock the court, or if it were the verdict of any jury would warrant the granting of a new trial.

Let the award be approved and confirmed.

GRUBB, J :—In Allen's case, *4 Harr.*, *234*, it was held that it must be a *clear* mistake, that is, so manifest that it shocks the common sense and judgment of the court to such an extent that we would reasonably have to infer and say it was impossible for an intelligent referee to have considered the material fact in question before he rendered that particular award. We cannot

go into that kind of a question when one intelligent referee with an ordinarily good judgment could arrive at a conclusion, and another referee with a similarly good judgment could arrive at a different one. If we did, we might, with equal reason, have to set aside any verdict rendered by a jury. This is a case in which first thoughts will have to be best; referees' second thoughts after rendering their award will not do.